UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID L. GIST, SR.

                Plaintiff,

v.                                        5:07-CV-1246
                                             (TJM/GHL)

COMMISSIONER OF SOCIAL SECURITY, et al.,

                Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

DAVID L. GIST, SR.
Plaintiff *pro se*
114 Burnet Ave. (B)
Syracuse, New York 13203

HON. GLENN T. SUDDABY                 VERNON NORWOOD, ESQ.
United States Attorney for the             Special Assistant United States Attorney
 Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

      This matter was referred to the undersigned for report and recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. Defendant moves to dismiss the

complaint. (Dkt. No. 11.) Plaintiff opposes the motion. (Dkt. No. 12[1].) Because I find that Plaintiff failed to exhaust his administrative remedies, I recommend that the motion to dismiss be granted.

## I.  PROCEDURAL HISTORY

Plaintiff applied for Supplemental Security Income ("SSI") on September 23, 2002. (Herbst Decl. Ex. 2.) On January 20, 2005, the Social Security Administration ("SSA") informed Plaintiff in writing that he was eligible to receive monthly SSI payments, including retroactive payments to January 1, 2003. *Id.* The SSA's letter included a calculation of the payments owed to Plaintiff and a description of how the calculation was performed. *Id.* The letter advised Plaintiff that he could appeal the SSA's calculation of benefits by requesting reconsideration in writing within 60 days of receiving the letter. The letter stated that the SSA "will ask you to sign a form SSA-561-U2, called 'Request for Reconsideration.'" *Id.*

On April 6, 2005, the SSA informed Plaintiff in writing that he was entitled to Disability Insurance Benefits, retroactive to September 2001. (Herbst Decl. Ex. 3.) However, the SSA stated that "[w]e are withholding your Social Security benefits for September 2001 through March 2005. We may have to reduce these benefits if you receive ... SSI ... for this period." *Id.* Again, the letter advised Plaintiff of the steps to take if he wanted to appeal the decision. *Id.*

On April 11, 2005, SSA informed Plaintiff in writing that his SSI payments would cease beginning on May 1, 2005, because his receipt of Disability Insurance Benefits rendered him

---

[1]  Plaintiff filed additional opposition papers on May14 and May 20, 2008. Those papers were not served on Defendant, and will thus be rejected for filing. Consideration of the papers would not have changed the undersigned's recommendation.

2

economically ineligible for SSI.  (Herbst Decl. Ex. 4.)  Again, the letter advised Plaintiff of the steps to take if he wanted to appeal the decision.  *Id.*

On June 5, 2005, the SSA informed Plaintiff in writing that "we cannot pay you all of the Social Security benefits that we withheld.  This is because you received SSI money for September 2002 through June 2005."  (Herbst Decl. Ex. 5.)  However, the SSA informed Plaintiff that he would "soon receive a check for $12,327.19."  *Id*.  Again, the letter advised Plaintiff of the steps to take if he wanted to appeal the decision.  *Id.*

On August 1, 2005, the SSA informed Plaintiff in writing that, because of his income, he had not been eligible for SSI payments in October 2003 and April 2004.  (Herbst Decl. Ex. 6.)  Again, the letter advised Plaintiff of the steps to take if he wanted to appeal the decision.  *Id.*

Plaintiff did not file a "request for reconsideration or any other administrative appeal of the determinations."  (Herbst Decl. ¶ 3(g).)  Plaintiff asserts that when he requested form SSA-561-U2 on two separate occasions from his local Social Security office, office personnel were rude to him and refused to give him the form.  (Dkt. No. 12-3.)  Plaintiff did, however, seek assistance from his Congressman.  (Dkt. No. 1.)  Eventually, he filed a complaint in this Court on November 29, 2007.  (Dkt. No. 1.)

Although the complaint is far from clear, Plaintiff appears to dispute the SSA's finding that he was ineligible for SSI payments due to his income.  ("Alleges am below income, and it clearly states both incomes, SSDI and SSI, when just receive one SSDI, is reasons to belief there a conflict of interests hear, is why am bring this matter to Court, being railroad by means stated all alone, where unemployable, forever lost of surgery of objects its taking a toll something has of right to it hear otherwise, where are civil rights.")  Plaintiff also alleges that he never received

3

a check for his withheld benefits. (Dkt. No. 1.)

Defendant filed the motion to dismiss on April 9, 2008. (Dkt. No. 11.) Plaintiff filed opposition papers on April 29, 2008. (Dkt. No. 12) (see also footnote 1, *supra*).

## II. DISCUSSION

Defendant argues that the Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff did not exhaust his administrative remedies. (Dkt. No. 11.) Defendant is correct.

A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the court lacks statutory or constitutional authority to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When deciding whether to grant a 12(b)(1) motion to dismiss, the court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to [the] plaintiff." *McGinty v. State*, 193 F.3d 64, 68 (2d Cir. 1999). In addition, when a plaintiff appears *pro se*, the court must read the complaint liberally. *Shah v. N.Y. Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir. 1999). The court may also refer to evidence outside the pleadings and the plaintiff carries the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova*, 201 F.3d at 113.

"It is well settled that ... judicial review of Social Security benefit determinations is limited to 'final' decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court." *Matthews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995) (*citing, inter alia, Califano v. Sander*, 430 U.S. 99 (1977)). "Exhaustion is generally

4

required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi,* 422 U.S. 749, 765 (1975).

When a plaintiff disputes a determination of the SSA regarding his economic eligibility for payments or the underpayment or overpayment of benefits, he must pursue three levels of administrative procedures in order to fully exhaust his administrative remedies. First, the plaintiff must request reconsideration. 20 C.F.R. §§ 404.913, 416.1413 (2007). Second, if the reconsideration decision is unfavorable, the plaintiff must request a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. §§ 404.930, 416.1430 (2007). Third, if the ALJ's determination is unfavorable, the plaintiff must request that the Appeals Council review the ALJ's decision. 20 C.F.R. §§ 404.967, 416.1467 (2007). "A determination is only final after the Appeals Council has denied review or decided the case after review." *Matthews*, 891 F. Supp. at 188 (*citing* 20 C.F.R. § 404.981).

Here, Plaintiff did not exhaust his administrative remedies. He did not seek reconsideration, an ALJ hearing, or review by the Appeals Council.

The District Court may waive the exhaustion requirement only if (1) the plaintiff's legal claims are collateral to the demand for benefits; (2) exhaustion would be futile; or (3) exhaustion would cause irreparable harm. *Matthews*, 891 F. Supp. at 188 (*citing Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983)). "The ultimate decision of whether to waive exhaustion should not be made solely by mechanical application of [these] factors, but should also be guided by the

policies underlying the exhaustion requirement." *Bowen v. City of New York,* 476 U.S. 467, 484 (1986)

Waiver is not appropriate in this case. First, Plaintiff's claim is not "collateral" to a demand for benefits. Indeed, Plaintiff's complaint *is* a demand for benefits. Second, exhaustion would not be futile. Although Plaintiff did not file a request for reconsideration within 60 days, he could still pursue his administrative remedies by requesting an extension of time from the SSA in which do so. 20 C.F.R. §§ 404.909(b), 416.1409(b) (2007). This would give the SSA an opportunity to correct any errors, afford the parties and the courts the benefit of the SSA's experience and expertise, and result in a record that is adequate for judicial review. Third, nothing in the record indicates that requiring exhaustion would irreparably harm Plaintiff. Accordingly, this Court does not have subject matter jurisdiction.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that the Court dismiss the complaint (Dkt. No. 1) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); and it is further

**ORDERED**, that the papers filed by Plaintiff on May 14 and May 20, 2008, be rejected for failure to serve Defendant.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: May 27, 2008
       Syracuse, New York

                                    George H. Lowe
                                    United States Magistrate Judge